## UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISON

| | |
|---|---|
| **SHARI BOW,** | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| **AD ASTRA RECOVERY** | § |
| **SERVICES, INC.,** | § |
| | § |
| Defendant. | § |

### PLAINTIFF'S ORGINAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff **SHARI BOW** ("Plaintiff") files this Original Complaint against defendant **AD ASTRA RECOVERY SERVICES, INC.** ("Defendant"), and, alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in its violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Texas Fair Debt Collection Practices Act ("TDCA"), §§ 392, *et seq.*, with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's

counsel, which Plaintiff allege on personal knowledge.

3.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.    The Telephone Consumer Protection Act was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff.   In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

5.    Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at \*4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.    Congress also specifically found that "the evidence presented to Congress

indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call….” *Id*. at §§ 12-13. *See also*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

7.   While many violations are described below with specificity, this Complaint alleges violations of the cited statutes in their entirety.

8.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.   Unless otherwise indicated, the use of Defendant's name in this Orginal Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## PARTIES & DEFINITIONS

10.   Plaintiff, is and was at all times relevant, an individual residing in the County of Dallas in the State of Texas.

11.   Plaintiff is a “consumer” as that term is defined by the FDCPA, 15 U.S.C. §1692a(3) and the TFDCPA § 392.001(1).

12.   Upon information and belief, Defendant is a Kansas corporation with offices in Wichita, Kansas.

13.   Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a “debt collector” as that phrase is defined by 15 U.S.C. § 1692a(6).

14.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a “consumer debt” and

"consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

15.   For the purposes of the TFDCPA, a "consumer debt" means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction.

## JURISDICTION AND VENUE

16.   As this action arises under federal and state laws, jurisdiction lies pursuant to 28 U.S.C. §1331 and 20 U.S.C. § 1367(a).

17.   Venue lies in the United States Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant generally transacts business in this District and is therefore subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

18.   Upon information and belief, Plaintiff asserts the following Factual Allegations which, in addition to other facts, support Plaintiff's claims set out herein.

19.   Beginning in or around March 2017 to May 2017, Defendant called Plaintiff on her cellular telephone number ending in 0519 using an automatic dialing and/or predictive dialer system.

20.   Upon information and belief, Defendant called Plaintiff from telephone number (866) 398-2089.

21.   Upon information and belief, Defendant called Plaintiff regarding a debt that Plaintiff had previously already settled.

22.   These alleged financial obligations were money, property, or their equivalent, for personal, family, or household purposes, which is due or

owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

23.   Notwithstanding the fact that Plaintiff did not owe the alleged debt, Plaintiff received the following calls from Defendant demanding payment of the debt:

24.   On or about March 8, 2017, Plaintiff received a call from Defendant at or around 3:44 p.m.

25.   On or about March 10, 2017, Plaintiff received a call from Defendant at or around 3:59 p.m.

26.   On or about March 13, 2017, Plaintiff received a call from Defendant at or around 4:16 p.m.

27.   On or about March 19, 2017, Plaintiff received a call from Defendant at or around 2:26 p.m.

28.   On or about March 23, 2017, Plaintiff received a call from Defendant at or around 4:57 p.m.

29.   On or about April 21, 2017, Plaintiff received a call from Defendant at or around 12:47 p.m.

30.   On or about April 24, 2017, Plaintiff received a call from Defendant at or around 1:00 p.m.

31.   On or about April 26, 2017, Plaintiff received a call from Defendant at or around 12:30 p.m.

32.   On or about April 28, 2017, Plaintiff received a call from Defendant at or around 12:43 p.m.

33.   On or about May 1, 2017, Plaintiff received a call from Defendant at or around 1:00 p.m.

34.   On or about May 2, 2017, Plaintiff received a call from Defendant at or

around 12:43 p.m.

35. On or about May 3, 2017, Plaintiff received a call from Defendant at or around 1:13 p.m.

36. On or about May 4, 2017, Plaintiff received a call from Defendant at or around 10:09 a.m.

37. On or about May 5, 2017, Plaintiff received a call from Defendant at or around 12:53 p.m.

38. On or about May 6, 2017, Plaintiff received a call from Defendant at or around 9:46 a.m.

39. On or about May 8, 2017, Plaintiff received a call from Defendant at or around 12:45 p.m.

40. Upon information and belief, Defendant's telephone number is either a number assigned to Defendant by its subscriber and/or a number Defendant intentionally programed to display on Plaintiff's Caller ID to mask its identity and/or evade any call blocking application on Plaintiff's cellular telephone to avoid the harassing calls.

41. Plaintiff revoked any type of prior express consent, if any prior express consent ever existed, by asking Defendant numerous times, in or around early April 2017, "to stop calling her cell phone."

42. The calls by Defendant to Plaintiff's cell phone continued, despite Plaintiff's multiple oral revocations.

43. Further, upon and information and belief, the calls to Plaintiff were made using an automatic telephone dialing system and/or using an artificial or prerecorded voice prohibited under 47 U.S.C. § 227.

44. Upon information and belief, the dialer has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

45.   Additionally, Defendant used a dialer which capabilities among others include autodialing and predictive capabilities as the calls were not instantaneous, and, when Plaintiff answered, no person and/or representative was on the line.

46.   Plaintiff also often times heard a silence, sometimes two to three consecutive computerized clicks and/or beep tones before Defendant's representative picked up the line and started speaking to her.

47.   These calls were made by Defendant and/or Defendant's agent or vendor, with Defendant's permission, knowledge, and control, for Defendant's benefit.

48.   As a result, the telephone calls by Defendant, or its agent(s) violated 47 U.S.C. § 227(b)(1).

49.   Additionally, the foregoing acts of Defendant also constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the below-cited provisions of 15 U.S.C. 1692, *et seq*.

50.   Plaintiff is a "consumer" within the meaning of 15 U.S.C. 1692a(3).

51.   Defendant is a "debt collector" within the meaning of 15 U.S.C. 1692a(6).

52.   Defendant violated 15 U.S.C. 1692d by calling Plaintiff numerous times in an attempt to harass, oppress, and abuse Plaintiff in the collection of a already settled debt.

53.   Defendant violated 15 U.S.C. 1692e(2) in using a false representation and deception regarding the alleged debt.

54.   Defendant violated 15 U.S.C. 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt allegedly owed by Plaintiff.

55.   Defendant violated 15 U.S.C. § 1692f(l) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement

creating the debt or permitted by law.

56. Defendant violated 15 U.S.C. § 1692g in failing to send Plaintiff a debt validation letter within the prescribed time.

57. Moreover, Defendant's actions constitute numerous violations of the TFDCPA, including but not limited to, causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number in violation of §392.302(4) of the TFDCPA.

58. Placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten a person at the called number in violation §392.302(2) of TFDCPA.

59. Plaintiff is a "consumer" as that term is defined by the TFDCPA § 392.001(1). Defendant is a "debt collector" as that term is defined by TFDCPA § 392.001(1).

60. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

61. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of her personal and professional life, including the ability to use her phone.

62. Plaintiff was personally affected, becoming frustrated and distressed as despite asking Defendant to stop calling her cellular phone, Defendant continued to harass her with collection calls using an illegal, computerized dialer.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

65. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL OF THE TCPA
### 47 U.S.C. § 227, *ET SEQ.*

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

69. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
## VIOLATION OF THE FDCPA
## 15 U.S.C. §§ 1692, *ET SEQ.*

71.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

72.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692, *et seq.*

73.  Based on the foregoing, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT IV

### VIOLATION OF THE TDCPA

### § 392.001, *ET SEQ.*

74.  Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though more fully set forth herein.

75.  The foregoing acts and omissions constitute numerous and multiple violations of the TFDCPA, including but not limited to each and every one of the above-cited provisions of the TFDCPA.

76.  As a result of Defendant's violations of the TFDCPA, Plaintiff demands judgment for actual damages against Defendant, attorney's fees and costs.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff SHARI BOW respectfully prays that judgment be entered against Defendant AD ASTRA RECOVERY SERVICES, INC., and damages be awarded as follows:

### COUNT I

### NEGLIGENT VIOLATION OF THE TCPA,

### 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Any other relief the Court may deem just and proper.

### Count II

### KNOWING/WILLFUL VIOLATION OF THE TCPA,

### 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Any other relief the Court may deem just and proper.

### Count III

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

- Any and all other relief that this Court deems just and proper.

**Count IV**

**VIOLATION OF THE DCPA**

**§ 392.001, *ET SEQ*.**

- An award of actual damages, in an amount to be determined at trial, pursuant to § 396.351(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to § 396.351(b), against Defendant;

- Any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

77.    Plaintiff hereby demands trial by jury on all issues so triable.


Respectfully submitted,

**HYDE & SWIGART**
By: s/ Ramona Ladwig
Ramona Ladwig, Esq.
State Bar No. 24092659
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Phone: (214) 880-6362
Facsmile: (800) 635-6425
Email: ramona@westcoastlitigation.com

*Attorney for Plaintiff*